HARRY KOCH, BY HIS NEXT FRIEND, ET AL., PLAINTIFFS-RESPONDENTS, v. JOHN L. KOLL ET AL., DEFENDANTS-APPELLANTS.

Submitted October 28, 1932—Decided January 31, 1933.

For the appellants, *Green & Green.*

For the respondents, *Schneider & Schneider.*

The opinion of the court was delivered by

DONGES, J.   This is an appeal from a judgment of the Essex County Circuit Court in favor of the plaintiffs and against one defendant, Elmer C. Koll, in an action for damages arising from personal injuries to the infant plaintiff and consequential damages suffered by his father, as a result of being struck by an automobile driven by the defendant-appellant.

The case was first tried before Judge Mountain and resulted in a verdict for the boy for $150 and for the father for $174.

Judge Mountain allowed plaintiffs' rule to show cause why there should not be a new trial as to damages only. Defendant took no rule. Judge Mountain made the rule absolute, as to damages only. A new trial on damages was had before Judge Dungan. At this second trial defendant moved that the previous rule be enlarged so as to include the subject of liability. This was denied and an exception taken. The new trial resulted in larger verdicts and Judge Dungan allowed defendant a rule as to damages, which he subsequently discharged after one of the plaintiffs consented to a reduction of his verdict.

1. The first point challenges the refusal of the trial court to strike out an answer given by the plaintiff William Koch on cross-examination. The motion was made to strike, but the record discloses no ruling and no exception taken. The point cannot, therefore, be argued on this appeal.

2. It is next urged that the court erred in refusing to charge defendants' tenth request to charge, which had to do with contributory negligence. The court did charge what contributory negligence is as set out in defendants' fifth request, and that contributory negligence was a bar to recovery, and also left it to the jury to decide what degree of care was required to be exercised by an eight-year-old boy in the circumstances, and whether he had so acted as to be free of contributory negligence. What the court charged was a proper statement of the law on this subject, and he was not required to charge in the language of the request, which at best was not intelligible as to the matter sought to have charged.

3. It is next argued that the court erred in refusing to charge the defendants' eleventh request to the effect that if the jury find that the infant plaintiff darted suddenly and without warning into the highway without making an observation, &c., then they should find for the defendants. The difficulty with this is that there was no evidence that the boy did so act. He said he made an observation. The eyewitness, Flora Doerer, said he was crossing the street slowly and was struck one foot from the far curb at a cross-walk.

The defendant himself said he did not see the boy until an instant before the impact and then he was directly in front of his headlight. The evidence did not warrant charging this request.

4. The next point is that the trial court (apparently at the second trial) committed error in limiting the trial to the question of damages and in refusing to enlarge the prior order and permit a new trial on all issues. The substance of this argument is that Judge Mountain was guilty of an abuse of discretion in limiting the new trial to damages. But the action complained of is that of Judge Dungan in refusing to enlarge the first rule. If the defendant wished the subject of liability to be considered on a rule, he could have applied for a rule from Judge Mountain and, if a rule was allowed, had the question of liability considered on such rule. However, defendant was apparently willing to pay the trifling verdicts first obtained and chose to speculate on their being upheld. He lost on that speculation and then sought to have the question of negligence gone into or tried over at the second trial. Judge Mountain was not requested to consider liability on the rule before him and did not do so. Judge Dungan tried the issue before him, namely, the amount of damages. The question of liability was determined on the first trial. We find no abuse of discretion in the disposition of the first rule, and no error in limiting the second trial to the question of damages. *Gormley* v. *Gasiorowski,* 110 *N. J. L.* 287.

The judgment under review is affirmed.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, BROGAN, HEHER, KAYS, HETFIELD, WELLS, KERNEY, JJ. 13.

*For reversal*—None.